1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tyrone Noel Nunn,

               Plaintiff

      v.

High Desert State Prison, et. al.,

           Defendants

Case No. 2:24-cv-01955-JAD-EJY

**Order Dismissing
and Closing Case**

Plaintiff Tyrone Nunn brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison.  On May 5, 2025, this court ordered the plaintiff to file an amended complaint by June 5, 2025.[1]  That deadline expired, and Nunn did not file an amended complaint or otherwise respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2]  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[3]  In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

---

[1] ECF No. 3.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this action cannot proceed until and unless the plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the way. The circumstances here do not

[4] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson*, 779 F.2d at 1424.

1  indicate that this case will be an exception.  Setting another deadline is not a meaningful

2  alternative given these circumstances.  So the fifth factor favors dismissal.

3        Having thoroughly weighed these dismissal factors, I find that they weigh in favor of

4  dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without

5  prejudice based on the plaintiff's failure to file an amended complaint by the court-ordered

6  deadline, leaving no claims pending.  The Clerk of Court is directed to **ENTER JUDGMENT**

7  accordingly and **CLOSE THIS CASE**.  No other documents may be filed in this now-closed

8  case.

9        IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **[ECF**

10 **No. 1] is GRANTED**.  This status doesn't relieve the plaintiff of his obligation to pay the full

11 $350 filing fee under the statute; it just means that he can do it in installments.  And the full $350

12 filing fee remains due and owing even though this case is being dismissed.

13        To ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the

14 Nevada Department of Corrections must pay to the Clerk of the United States District Court,

15 District of Nevada, 20% of the preceding month's deposits to the account of **Tyrone Nunn,**

16 **#1252474** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid

17 for this action.  The Clerk is directed to SEND a copy of this order (1) to the Finance Division of

18 the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada**

19 **Department of Corrections** at formapauperis@doc.nv.gov.

20        Dated: June 20, 2025

21        _____

22        U.S. District Judge Jennifer A. Dorsey

23

3